BRUNOT, J.
 

 This is a mandamus suit to compel the board of liquidation of the city debt to sell, at this time, $2,000,000 of the city of New Orleans sewerage, water', and drainage serial gold bonds. The mandamus was made peremptory, and the board of liquidation, city debt, appealed. The authority for the issuance of $9,000,000 city of New Orleans sewerage, water, and drainage serial gold bonds is not questioned. It is found in Act No. 3, Extra Session 1927, a joint resolution proposing an amendment to the Constitution, which was submitted to the electors of the state at the general election held April 17, 1928, and was adopted, as an amendment to the Constitution, by an overwhelming majority of the votes cast in that election. The board of liquidation, city debt, has «old $7,-000,000 of .the authorized issue of these bonds. It is admitted that there is a present need for the sale of the remaining $2,000,000 of the bonds, but the board of liquidation, city debt, is doubtful of its authority to sell said bonds, at this time, and the question thus raised is the only issue presented for decision in this case. The decision is entirely dependent upon the interpretation to be given the words
 
 “for city taxation,”
 
 which ai>pear in the following quotation from Act No. 3, Extra Session of 1927:
 

 “The bonds issued under the provisions of this amendment together with all bonds then outstanding issued under Act 6 of 1899 and Act 19 of 1906, as amended by Act 116 of 1908, shall never exceed five per centum of the assessed valuation of the taxable property of the City of New Orleans according to the last completed assessment
 
 for city taxation,
 
 and all bonds issued under this amendment shall be included in the limitation of outstanding bonds of the City of New Orleans for all purposes as prescribed by Section 13 of Act No. 4 of the Legislature of Louisiana of the year 1916.” (Italics by the court.)
 

 The value of the taxable property of the city of New Orleans, as fixed by the assessment for state purposes made by the board of assessors for the parish of Orleans for the year 1929, is $626,209,987.
 

 It is admitted that at the present time all bonds outstanding issued under Act No. 6 of Extra Sess. 1899, Act No. 19 of 1906, as amended by Act No. 116 of 1908, and Act No. 3 of the Extra Session of 1927, amount to $25,975,000.
 

 We quote the following from the answer of the board of liquidation, city debt:
 

 “Respondent further avers that the Commission Council of the City pf New Orleans by virtue of and pursuant to the authority vested in it by law and particularly by Article X, Section 1 of the Constitution of the State of Louisiana for the year 1921, adopted as a valuation for the purposes of local taxation 85% of said valuation as fixed by the Board of Assessors • for the Parish of Orleans for State purposes and that the assessed valuation of the taxable property of the City of New Orleans for the purpose of local taxation according to the last completed assessment for City taxation as fixed by
 
 *113
 
 the Commission Council, as aforesaid, is $532,278,488.00. That 5% of said $532,278,-488.00 is $26,613,924.00.”
 

 If, in addition to the outstanding $25,975,-000 bonds, issued under the several acts mentioned, the remaining $2,000,000 of the sewerage water, and drainage bonds are issued, the outstanding bonds of the city of New Orleans will amount to $27,975,000, a sum less than 5 per cent, of the valuation of the property of the city of New Orleans, as fixed by the board of assessors, but in excess of 5 per cent, of 85 per cent, of that valuation.
 

 In our opinion, the question is whether or not the commission council for the city of New Orleans has the power to assess property for purposes of taxation. We know of no law which confers such power upon the commission couno'l. It is not to be found in any of the assessment laws of the state. Article 10, section 1, of the Constitution, provides that:
 

 “The valuation and classification fixed for State purposes shall be the valuation and classification for local purposes; but the taxing authorities of the local subdivisions may adopt a different percentage of such valuation for purposes of local taxation.”
 

 The
 
 valuation
 
 and
 
 classification
 
 of property is fixed by the assessors and boards of assessors of the state. No other
 
 valuation
 
 or
 
 classification
 
 is permitted by the Constitution; otherwise the words, “shall be the valuation and classification for local purposes,” found in article 10, section 1, of the Constitution, would be meaningless. Local taxing authorities may, as the local need requires, levy the authorized tax millage upon any percentage of the assessed value of taxable property, subject to local taxation it may deem proper, provided the tax levy be upon a valuation not less than 25 per cent. of the assessed value as fixed by the assessors and boards of assessors for state purposes. There can be but one assessment and one classification of property for purposes of taxation. Local taxes may be levied upon the whole or a percentage of the assessment as made by the assessors and boards of assessors, but local taxing authorities are as powerless to change the assessment, so made, as they are to change the
 
 classification
 
 of property, so made. We are therefore of the opinion that the words in Act No. 3, Extra Session of 1927, viz. “according to the last completed assessment for city taxation,” have reference to the only assessment of city property for taxation that can be lawfully made. The distinction between an assessment for taxation and the collection of a tax upon a percentage of that assessment is too apparent to require comment. The unfortunate use of three misplaced and ambiguous words caused this litigation and doubtless retards, if it has not temporarily stayed, the activities of an important agency of a great city.
 

 Eor the reasons stated, the judgment appealed from should be affirmed, and it is so decreed.